UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARIELA ITAYIM, individually and on behalf of all others similarly situated, *Plaintiff*, v. CYS GROUP, INC., a Washington company, *Defendant*. | Case No. **CLASS ACTION** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mariela Itayim brings this class action under the Telephone Consumer Protection Act against Defendant CYS Group, Inc., to stop its practice of making unauthorized pre-recorded voice calls promoting its photography products and services, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. This case challenges Defendant's practice of making unauthorized pre-recorded voice calls to consumers promoting its photography products and services.

2. Defendant's unsolicited pre-recorded voice calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery

1

components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease making unsolicited pre-recorded voice calls to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Itayim is, and at all times relevant to the allegations in the complaint was, a Broward County, Florida resident.

5. Defendant CYS Group, Inc., is a Washington company headquartered in Pullman, Washington.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's unauthorized marketing scheme was directed by Defendant into this District, including to Plaintiff.

## FACTUAL ALLEGATIONS

8. Defendant is a company that provides photography products and services.

9. To increase its sales, and as part of a general cold call based marketing scheme, Defendant markets its products and services using pre-recorded voice calls to consumers.

10. Defendant obtains lists of registrants for bridal expo events and places pre-recorded voice calls to them without consent.

11. This case arises from Defendant's unsolicited pre-recorded voice call to Plaintiff and other consumers.

12. On October 2, 2018 at approximately 10:27 am, Defendant called Plaintiff from phone number 509-332-2803 using a pre-recorded voice, without Plaintiff's consent. The pre-recorded voice stated that it was "Kate" and solicited Plaintiff's purchase of photography products and services.

13. Defendant's unsolicited call was a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

14. On information and belief, Defendant, or a third-party acting on its behalf, made unsolicited, pre-recorded voice calls to thousands of consumers soliciting their purchase of photography products and services. To the extent the calls were made on Defendant's behalf to consumers, Defendant provided the agent access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the making of the calls in violation of the TCPA.

15. In fact, there are myriad online complaints regarding Defendant's unsolicited telemarketing practices:




Terra O.
San Francisco, CA
130 friends
1 review

★☆☆☆☆ 3/5/2019
They keep spaming me with you won a free boudoir session!! They've called me, texted me and I've blocked them several times!! I don't know where they've gotten my information from as I never entered their dumb giveaway.



Comment from Laurie B. of Celebrate Your Sexy - Boudoir Photography
Business Owner

3/5/2019 · Hi Terra! We are so sorry for the inconvenience! Please DM me with your first and last name so I can… Read more



**Mary S.**
Denver, CO
0 friends
4 reviews

 3/5/2019

Got my information from a bridal show, and they are the reason I will never go to another one. WILL NOT STOP texting, calling, and e-mailing me.
Leave me alone!

 Comment from Laurie B. of Celebrate Your Sexy - Boudoir Photography
Business Owner

3/7/2019 • Hi Mary! We are so sorry for the inconvenience! Please DM me with your first and last name so I can... Read more



**Danielle M.**
Union City, CA
0 friends
6 reviews
1 photo

 Share review
 Embed review
 Compliment
Send message
Follow Danielle M.

 2/1/2019

Pretty SCAMMY to me!!!!

I attended a bridal fair. Not as a bride, but as a potential vendor.

I purposely did NOT hand out business cards.
I did NOT fill out any information for any contests.
NOTHING.

The only time I guess I may have entered my phone number is when I registered my ticket online for the bridal fair itself. So that means, the people hosting the show sold my phone number to these people. I got a voicemail from these people saying I won their prize.... How is that the case if I NEVER signed up to win in the first place.
Sorry, try scamming someone else.

Bye, Felicia

 Comment from Laurie B. of Celebrate Your Sexy - Boudoir Photography
Business Owner

2/1/2019 • Hi Danielle - We're sorry for any inconvenience. We're not a scam, we're a photography company who attends bridal shows and we do host giveaways for our products and services at these shows. As is common in the industry, we do receive registrant information from these shows. You have the option to opt out of the phone call you receive if you've been selected as a winner, but please DM me your number and I will ensure you're taken off of our lists. Again, we apologize for any inconvenience. Read less

1

---

[1] https://www.yelp.com/biz/celebrate-your-sexy-boudoir-photography-spokane

16. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) received a pre-recorded voice call, (2) made by or on behalf of Defendant, (3) for the purpose of soliciting their purchase of photography goods and services, and for whom (4) Defendant does not claim to have obtained prior express written consent, or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

17. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

18. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made unsolicited prerecorded voice calls to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

19. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

20. **Commonality and Predominance**: There are many questions of law and fact common

to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a) How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;

b) Whether Defendant's calls were made for the purpose of marketing Defendant's products and/or services;

c) Whether Defendant made some or all of the calls without the prior express written consent of Plaintiff and the Class; and

d) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

22. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

23. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of

individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 of this complaint and incorporates them by reference.

25. Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the Class using a pre-recorded voice.

26. Defendant made these pre-recorded voice calls *en masse* without the consent of Plaintiff and the other members of the Class.

27. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A) and (B). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Itayim, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and her counsel as Class Counsel;

b)  An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited pre-recorded voice calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Itayim requests a jury trial.

Dated: September 3, 2019.

                                                        */s/*Avi R. Kaufman
Avi R. Kaufman (Florida Bar no. 84382)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Counsel for Plaintiff Mariela Itayim*
*and all others similarly situated*